# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY HANSEN,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CAL/PIA, et al.,<br><br>　　　　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-01651-LJO-DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>(Doc. 1)<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

**Order**

**I.    Background**

Plaintiff Gary Hansen ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his complaint on September 17, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §

1

1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

## II.    Summary of Complaint And Analysis

Plaintiff is incarcerated at Avenal State Prison ("ASP") where the events giving rise to this action occurred. Plaintiff names as defendants: David Schomacher (also called Schumacher), superintendent at CAL/PIA furniture factory at ASP; supervisor at CAL/PIA; Franetovich, superintendent in assembly/mill area; doctor Kent Yamaguchi, orthopedic surgeon at Fresno Community Hospital (FCH); and Dr. Rains.

Plaintiff alleges the following. On February 8, 2008, while working at the CAL/PIA furniture factory, Plaintiff was using a Northfiled tablesaw, which he had never used before, to cut a "blind dado." While cutting, the blade caught hold of the board and dragged it and the Plaintiff's hand across the blade, causing damage three fingers. Plaintiff followed the instructions of Defendant Franetovich in following the shop order.

After being cut, Plaintiff reported to Franetovich, who instructed Plaintiff to turn in his tools and get his ID. Plaintiff was escorted by a C/O through work change to the ambulance, which took him to outpatient housing unit. Dr. Greenleaf evaluated Plaintiff's injury and gave him a pack of gauze. Plaintiff was also given antibiotics and morphine and transported to FCH for emergency surgery. At Fresno Community Medical Center, Plaintiff was given a brief evaluation. Defendant Rain looked at the injury and suggested amputation. Plaintiff asked if his fingers could be reconstructed. After x-rays, Dr. Rain told Plaintiff that the bone in his fifth digit was broken into three pieces, and one of the pieces needed to be removed, and they would hope

for the best.  Plaintiff was wheeled into surgery with Defendant Yamaguchi.  Surgery was performed, and Plaintiff's finger was stitched, and placed in a splint.  More prescriptions were provided to alleviate the pain.

On February 15, 2008, Defendant Schumacher filed a CDC-128 against Plaintiff for failure to have Defendant Franetovich inspect the tablesaw prior to usage.  Plaintiff however was following Franetovich's orders, which stated that inmate workers were to set up their own machines and process one item before calling over the supervisor to inspect it.  Defendant Schumacher was the one who issued the shop order regarding the use of a Northfield tablesaw to cut a dado.

Thirteen months later, Plaintiff, still suffering great pain, was evaluated by Dr. Yamaguchi again.  Defendant Yamaguchi x-rayed Plaintiff's hand and advised Plaintiff that amputation was necessary.  The material that was sewn back on was contributing to Plaintiff's problems in his hand and arm.  Plaintiff seeks monetary damages and injunctive relief.

Having reviewed Plaintiff's complaint, the Court finds that Plaintiff does not allege any federal claims.  Plaintiff's allegations amount at most to negligence, which is not a claim under § 1983.  A complaint that a defendant has been negligent does not state a valid Eighth Amendment claim.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Toguchi v. Chung, 391 F.3d 1051, 1057, 1060 (9th Cir. 2006); Clement v. Gomez, 298 F.3d 898, 904-05 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc).

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106.  The "deliberate indifference" standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm.  Farmer, 511 U.S. at 837.  A prison official does not act in a

deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id. Plaintiff's allegations fail to rise to the level of an Eighth Amendment violation.

If Plaintiff is alleging supervisory liability by any defendants, Plaintiff also fails to state a claim. Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under § 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff alleges at most respondeat superior liability, which is not a cognizable § 1983 claim.

### III.     Conclusion and Order

Plaintiff's complaint fails to state any claims against any defendants under § 1983. The Court will provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). If Plaintiff does not wish to pursue this action, Plaintiff may file a notice with the Court that he wishes to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal

rights. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," L. R. 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims under § 1983;

2. The Clerk's Office shall send Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either file a first amended complaint or notify the Court of his intent to voluntarily dismiss this action; and

4. If Plaintiff fails to respond within thirty (30) days, the Court will recommend dismissal of this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **March 19, 2010**          /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE