UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY HANSEN,<br><br>            Plaintiff,<br><br>     v.<br><br>CAL/PIA, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:09-cv-01651-LJO-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION<br><br>(Doc. 10)<br><br>OBJECTIONS DUE WITHIN 30 DAYS |

Plaintiff Gary Hansen ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. At the time of the events alleged in his complaint, Plaintiff was in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and incarcerated at Avenal State Prison in Avenal, California. Plaintiff is suing under Section 1983 for the violation of his rights under the Eighth and Fourteenth Amendments. Plaintiff names CAL/PIA, David Schomacher, Franegovich, Dr. Kent Yamaguchi, and Dr. Rains as defendants ("Defendants"). For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any cognizable claims for relief. The Court further finds that the deficiencies in Plaintiff's claims are not curable by further amendment and will recommend that Plaintiff's claims be dismissed with prejudice.

**I.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.     Background**

    **A.     Procedural Background**

Plaintiff filed the original complaint in this action on September 17, 2009. (Doc. #1.) The Court screened Plaintiff's original complaint on March 19, 2010. (Doc. #8.) The Court found that Plaintiff's original complaint failed to state any claims upon which relief can be granted. Plaintiff was given leave to file an amended complaint within thirty (30) days that cured the deficiencies in his claims. Plaintiff filed his first amended complaint on April 23, 2010. (Doc. #10.) This action proceeds on Plaintiff's first amended complaint.

///
///
///
///

B.     **Factual Background**

Plaintiff alleges that he injured his hand while working in the "CAL/PIA[1] Furniture Factory at Avenal State Prison." Plaintiff vaguely contends that Defendants failed "to abide by the state and federal constitutional amendments guaranteeing health and saf[e]ty . . . and the code of safe practices . . . adopted by contract defendants" (Am. Compl. 4, ECF No. 10.) Plaintiff also vaguely alleges that Defendants "knowingly and deliberately violated by[sic] changing policy and calously[sic] creating and sending a severely hazzardous[sic] work order containing operations of extreme high risk, and certain mortal danger, expecting someone to be hurt, resulting in severe and permanent injury to Plaintiff." (Am. Compl. 4, ECF No. 10.)

More specifically, Plaintiff alleges that he received an order to work in the mill area at the CAL/PIA furniture factory and operate a table saw to "cut a blind dado." (Am. Compl. 5, ECF No. 10.) While operating the table saw, Plaintiff cut his fingers. Plaintiff vaguely contends that Defendant Schumacher "failed to train Plaintiff in health and saf[e]ty standards so Plaintiff could protect himself when other safeguards failed." (Am. Compl. 5, ECF No. 10.) Plaintiff alleges that Defendant Franegovich violated safety policies by instructing Plaintiff to "process one item before contacting Defendant . . . to inspect machine set up." (Am. Compl. 6, ECF No. 10.) Plaintiff contends that Franegovich ordered Plaintiff "to perform physical labor beyond his strength." (Am. Compl. 6, ECF No. 10.)

Plaintiff also contends that the medical treatment he received for his injury was constitutionally deficient. Plaintiff alleges that Defendant Rains "left severed fingers stitched onto hand at extreme deformed 30° angel[sic] away from hand, and loose bones and tendens[sic] unsecurly[sic] packed into finger with no support, then the hand was wrapped to the elbow in a caste[sic]." (Am. Compl. 7, ECF No. 10.) Plaintiff alleges that Defendant Yamaguchi failed to correct Defendant Rains' errors and failed to train staff about quality medical care. Plaintiff further alleges that Defendant Yamaguchi intentionally denied and delayed Plaintiff's surgery for over a year.

---

[1]California Prison Industry Authority

## III. Discussion

### A. Equal Protection Claims

Plaintiff claims that Defendants violated the Equal Protection Clause of the Fourteenth Amendment. The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). A plaintiff may establish an equal protection claim by showing that the plaintiff was intentionally discriminated against on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir.2005). If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir.2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

Plaintiff does not allege that he was a member of any identifiable class or that he was intentionally treated differently from others similarly situated. Plaintiff's complaint does not contain any allegations that suggest he was the victim of discrimination. Plaintiff fails to state any cognizable equal protection claims. Plaintiff's claims are more properly analyzed under the Eighth Amendment.

### B. Eighth Amendment

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir.

1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective "sufficiently culpable state of mind" requirement is met when a prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

Plaintiff claims that Defendants Schomacher and Franetovich violated Plaintiff's Eighth Amendment rights by ordering Plaintiff to use a table saw without providing Plaintiff with adequate training. Plaintiff has not alleged any facts that suggest that Schomacher or Franetovich knew of an excessive risk to Plaintiff's health. Plaintiff did not inform either defendant that he did not know how to use a table saw. Plaintiff does not allege any other inmates injured themselves while using a table saw. At most, Schomacher and Franetovich's actions were negligent; their actions did not rise to the level of deliberate indifference. Plaintiff fails to state any cognizable claims against Defendants Schomacher or Franetovich.

Plaintiff claims that Defendants Rains and Yamaguchi were deliberately indifferent toward Plaintiff's serious medical needs. "[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle, 429 U.S. at 105. To state an Eighth Amendment claim based on deficient medical treatment, a plaintiff must show: (1) a serious medical need; and (2) a deliberately indifferent response by the defendant. Conn v. City of Reno, 572 F.3d 1047, 1055 (9th Cir. 2009) (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). A serious medical need is shown by alleging that the failure to treat the plaintiff's condition could result in further

significant injury, or the unnecessary and wanton infliction of pain. Id. A deliberately indifferent response by the defendant is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Id. In order to constitute deliberate indifference, there must be an objective risk of harm and the defendant must have subjective awareness of that harm. Id. However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Isolated occurrences of neglect do not constitute deliberate indifference to serious medical needs. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990).

Plaintiff alleges that Defendant Rains committed medical malpractice by stitching Plaintiff's fingers at a deformed angle. Defendant Rains' isolated act of negligence does not rise to the level of a constitutional violation. Plaintiff does not allege that Rains deliberately botched the surgery to cause Plaintiff pain or was otherwise aware that the manner in which he acted posed an excessive risk to Plaintiff's health.

Plaintiff alleges that Defendant Yamaguchi failed to provide Plaintiff with "equal medical treatment" and failed to train his staff. Plaintiff fails to describe how he was denied "equal medical treatment" or how Yamaguchi failed to train his staff. Plaintiff's conclusory allegations are not sufficient to support a cause of action under Section 1983.

Plaintiff also alleges that Yamaguchi intentionally denied and delayed Plaintiff surgery to correct his deformity. Plaintiff fails to describe how Yamaguchi caused Plaintiff's surgery to be delayed.[2] Plaintiff's vague allegations fail to demonstrate what Yamaguchi did or failed to do that delayed Plaintiff's surgery and fail to offer any plausible support for the conclusion that Yamaguchi

---

[2] The Court notes that Plaintiff's original complaint alleged that Plaintiff's amputation surgery was delayed because Plaintiff initially insisted on attempting to save his fingers. Plaintiff received surgery for reconstructing the fingers. After a few months, it was apparent that reconstruction would not succeed and Yamaguchi insisted on amputating the fingers. Thus, the Court concluded that Plaintiff's original complaint failed to state a claim because the delay in amputation surgery was not caused by Yamaguchi's deliberate indifference.

6

acted with deliberate indifference. Plaintiff fails to state any cognizable claims against Defendant Rains or Defendant Yamaguchi.

### C. Claims Against CAL/PIA

Plaintiff names the California Prison Industry Authority ("CAL/PIA") as a defendant. Plaintiff's claims against CAL/PIA are barred by the Eleventh Amendment. The Eleventh Amendment to the United States Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "The Amendment . . . enacts a sovereign immunity from suit, rather than a nonwaivable limit on the Federal Judiciary's subject-matter jurisdiction." Idaho v. Couer d'Alene Tribe, 521 U.S. 261, 267 (1997). "The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state both by its own citizens, as well as by citizens of other states." Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Hyland v. Wonder, 117 F.3d 405, 413 (9th Cir.), amended by 127 F.3d 1135 (9th Cir. 1997); see also Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (stating Board of Corrections is agency entitled to immunity); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); cf. Leer v. Murphy, 844 F.2d 628, 631 (9th Cir. 1988) (stating that Eleventh Amendment requires examination of the complaint and relief sought to determine whether the state is the "real party in interest"). Since CAL/PIA is a state agency, Plaintiff's claims are barred.

### D. No Leave to Amend

The Court informed Plaintiff of the deficiencies in his claims in the March 19, 2010 screening order. (Doc. #8.) Plaintiff's amended complaint fails to cure the deficiencies in Plaintiff's claims. The Court finds that Plaintiff's claims are not curable by granting further leave to amend.

Accordingly, the Court will recommend that Plaintiff's claims be dismissed with prejudice. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (dismissal with prejudice upheld where court had instructed plaintiff regarding deficiencies in prior order dismissing claim with leave to amend); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment).

## IV.     Conclusion and Recommendation

Plaintiff's first amended complaint fails to state any cognizable claims. The Court finds that the deficiencies in Plaintiff's claims are not capable of being cured by amendment. Accordingly, it is HEREBY RECOMMENDED that Plaintiff's claims be dismissed with prejudice.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 15, 2010**            /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE